**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAGUFTABANU MOMIN,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-02003 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 12) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The factual background set forth in the findings and recommendations is not disputed:

> Petitioner is a native of India who entered the United States without inspection in January 1997. (ECF No. 1 at 2.1 ) On December 20, 2004, Petitioner filed a Form I-485 application to adjust her status to that of a permanent resident, and the United States Citizenship and Immigration Services ("USCIS") approved the application. (ECF No. 1 at 2; ECF No. 10-1 at 7.) Thereafter, Petitioner filed an application for naturalization with USCIS, the application was approved, and Petitioner was naturalized as a U.S. citizen on August 1, 2014.2 (ECF No. 1 at 2; ECF No. 10-1 at 7.)
>
> Petitioner pleaded guilty in the United States District Court for the Northern District of Georgia to unlawful procurement of citizenship, in violation of 18 U.S.C. § 1425, and conspiracy, in violation of 18 U.S.C. § 371. The conspiracy related to the importation and sale of misbranded male enhancement pills containing undeclared active pharmaceutical ingredients. (ECF No. 10-1 at 44–54, 62–77.) On February 12, 2021, Petitioner was sentenced to an imprisonment term of eighteen months and three years of supervised release. (ECF No. 10-1 at 56–58.) On February 23, 2021, Petitioner's U.S. citizenship

> was revoked. (ECF No. 10-1 at 41– 42.)
>
> Petitioner completed her sentence and was released from the custody of the Federal Bureau of Prisons ("BOP") in or around August 2022. (ECF No. 1 at 2.) On January 27, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner pursuant to 8 U.S.C. § 1226(a). (Id.; ECF No. 10-1 at 7, 8, 22, 25.) On March 3, 2025, Petitioner filed a bond request. (ECF No. 1 at 2.) On March 14, 2025, an immigration judge ("IJ") denied bond, finding Petitioner was a danger to the community and flight risk. (ECF No. 1 at 3; ECF No. 10-1 at 11.) On April 14, 2025, Petitioner filed a motion to reconsider the bond denial with the Stewart Immigration Court in Georgia. (ECF No. 1 at 3; ECF No. 10-1 at 3.)
>
> On July 10, 2025, Petitioner was transferred from the Stewart Detention Center to the Mesa Verde ICE Processing Center in Bakersfield, California. Jurisdiction was transferred to the Adelanto Immigration Court. (ECF No. 1 at 3.) On August 6, 2025, Petitioner filed a motion for a decision on the April 14, 2025 motion for reconsideration of the denial of bond with the Adelanto Immigration Court in California. On August 19, 2025, the Stewart Immigration Court in Georgia ruled on Petitioner's April 14, 2025 motion and denied reconsideration. (ECF No. 1 at 3; ECF No. 10-1 at 14–17.)
>
> On October 4, 2025, Petitioner was transferred from the Mesa Verde ICE Processing Center to the California City Detention Facility where she is currently detained. (ECF No. 1 at 4, 15.) On October 24, 2025, Petitioner filed a bond request but withdrew the request on November 4, 2025 in light of the Department of Homeland Security ("DHS") filing a new charging document. (ECF No. 1 at 4.)
>
> On January 28, 2026, Petitioner filed a new bond request, and on January 29, 2026, the immigration court set the hearing date for February 4, 2026. (ECF No. 1 at 4.) On February 3, 2026, DHS filed 251 pages of documents into the bond record. At the bond hearing on February 4, 2026, the IJ accepted the documents into the record, found Petitioner to be a flight risk and a danger to the community, and denied bond. (ECF No. 1 at 5; ECF No. 10-1 at 19.)
>
> On March 12, 2026, Petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The district judge denied the motion for TRO as untimely and "refer[red] the matter to the assigned magistrate judge for a determination on the merits." (ECF No. 6.) On April 7, 2026, Respondents filed an answer, and Petitioner filed a reply on April 14, 2026. (ECF Nos. 10, 11.)

(Doc. 12 at 1–3.) On May 28, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be denied because (1) she was not entitled to a pre-deprivation hearing; (2) she fails to support her claim that she has been subjected to prolonged detention without a bond hearing because she has had two prior bond hearings and fails to

demonstrate that her February 4, 2026 bond hearing was constitutionally inadequate. (Doc. 12.) On August 10, 2026, Petitioner filed timely objections. (Doc. 22.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Petitioner's objections, raised through counsel, are wholly unpersuasive. First, Petitioner notes that she lost her Indian citizenship under Indian law when she naturalized as a U.S. Citizen in 2014. (*See* Doc. 12 at 1, n.2; Doc. 22 at 2–3.) Because her U.S. Citizenship was revoked in 2021 after she pleaded guilty to unlawful procurement of citizenship, Petitioner contends that she is now stateless and that as a result "the government will not be able to deport her to India (or anywhere else for that matter)" in the period prescribed by law. (Doc. 22 at 3.) Whether Respondents would be unable to remove her is debatable, but, regardless, it is irrelevant because Petitioner is not yet subject to a final order of removal and thus Respondents have not yet had an opportunity to attempt to remove her. Though some courts consider the likelihood of removal proceedings resulting in a final order of removal as a factor in determining whether a pre-removal order has become unreasonably prolonged, se*e Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019), that consideration is distinct from <u>whether a final order of removal can be executed</u>.

Second, Petitioner asserts that because she spent three years at liberty after her release from Bureau of Prisons custody following the sentence imposed after her unlawful procurement conviction, she was owed a pre-deprivation hearing prior to her detention by immigration authorities on January 27, 2025. (Doc. 22 at 3.) Not so. As the findings and recommendations correctly indicate, because Petitioner was never detained and then released <u>by immigration authorities prior to her 2025 detention</u>, she was subject to detention under 8 U.S.C. § 1226(a) which does not entitle her to a pre-deprivation hearing. (See Doc. 12 at 3–4.)

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on May 28, 2026 (Doc. 12) are **ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **DENIED**.

3. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _September 1, 2026_

UNITED STATES DISTRICT JUDGE